CRANE v. BARTELSTONE et al.

(Circuit Court, S. D. New York.   March 10, 1909.)

PATENTS (§ 328*) — VALIDITY AND INFRINGEMENT — ANGLE CLAMPS FOR GLASS PLATES.

> The Crane patent, No. 624,460, for an angle clamp for fastening glass plates together, discloses novelty and invention; also *held* infringed.
>
> [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity.   On final hearing.

Thomas W. Bakewell and Albert E. Lynch, for complainant.
Duell, Warfield & Duell, for defendants.

MARTIN, District Judge.   This complaint is brought for an infringement of a patent owned by the plaintiff, No. 624,460.   The patent is a very simple one, and consists of a series of clamps applied at the meeting angles of glass plates; each clamp being composed of four pieces of metal—two angle pieces, one fitting on the outside and the other on the inside of a window at the angle where the glass plates meet, a shank or screw, which projects inwardly from the outside piece and through the hole in the inside piece, and a nut, which is screw-threaded upon the shank and presses upon the inner angle piece.   This shank projects through notches filed in the edges of the adjoining glass plates, and when the nut is tightened it holds the glass plates together strongly and substantially by frictional contact of the angle clamps upon the surface of the glass.   No hole is required to be drilled through the glass.   The shank or bolt to which the nut is attached is held firmly in the outer clamp, but does not extend through it.

The defendant's device is substantially the same thing, except the shank or bolt extends through the outer clamp and is held in place at that end by a head on the outer end of the shank or bolt.   If the complainant's patent is a novelty, and the former art is such that he is entitled to all he claims for it, the defendants have infringed.   From an examination of the record I am of the opinion that the complainant's patent was a useful invention, and not so far restricted by the prior state of the art but that it is broad enough to cover the device used by the defendant.

Let decree be entered for an injunction and accounting, as prayed for in the bill.